IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| AVT VIRGINIA, LP, a Utah limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>ALAN G. DILLARD, III, a citizen of Virginia,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:22-cv-00470<br><br>District Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Plaintiff AVT Virginia, LP (AVT) has moved for partial summary judgment. (Mot. for Partial Summ. J., ECF No. 15.) AVT brought three claims against Defendant Alan G. Dillard III: 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing, and 3) foreclosure of its security interests in Mr. Dillard's assets. AVT seeks summary judgment on its first and third claims only.[1]

After Mr. Dillard failed to timely respond to AVT's motion, the court issued an order requiring Mr. Dillard to either show cause why AVT's motion should not be granted or file a response to the motion by September 8, 2023. (Order to Show Cause, ECF No. 16.) Mr. Dillard did neither by the deadline, nor has he responded since. Having considered AVT's motion,[2] the court grants AVT partial summary judgment.

---

[1] AVT agrees to dismiss its second claim with prejudice should the court grant AVT summary judgment on its first and third claims. (ECF No. 15 at 2 n.1.)

[2] The federal and local rules give the court authority to grant a party's motion for summary judgment if they have established they are entitled to judgment as a matter of law when a party fails to timely respond. Fed. R. Civ. P. 56(e)(3); DUCivR 56-1(f).

1

## BACKGROUND

AVT is an equipment leasing and finance company. (Decl. Chris Emery (Emery Decl.), ECF No. 15-1[3] at 1 ¶ 3.) On January 14, 2020, AVT entered Master Lease Agreement No. 2055407 (Master Lease) with non-party A.G. Dillard Inc. (AGD). (Id. at 1 ¶ 4.) As part of the Master Lease, AGD entered three lease schedules under which AVT leased to AGD certain equipment described as the "leased property." (Id. at 1 ¶ 5–6.) These were: (1) Lease Schedule No. AGDL_001 (Schedule 1); (2) Lease No. AGDL_002 (Schedule 2); and (3) Lease Schedule No. AGDL_003 (Schedule 3). (Id.)

Also on January 14, 2020, Mr. Dillard signed a Personal Guaranty, guaranteeing AGD's obligations to AVT under the Master Lease, including making the monthly basic rent payments that the lease schedules required. (Id. at 2 ¶¶ 7–8.) In the event of a default, Mr. Dillard granted a security interest in his assets as collateral to secure his obligations to AVT and authorized AVT to file a financing statement in the appropriate filing office to perfect its security interest in Mr. Dillard's assets. (Personal Guaranty at 27 ¶ 2.)

The Master Lease and lease schedules required AGD to make monthly basic rent payments of $9,491.59 on Schedule 1 and $6,400.22 on Schedule 3. (Master Lease at 6 ¶ 3; Schedule 1 at 14 ¶ 5; Schedule 3 at 22 ¶ 5.) While Schedule 2 required monthly basic rent payments, AVT is not suing on Schedule 2. (Emery Decl. at 1–2 ¶ 5 n.1.)

On February 9, 2022, AGD filed a Chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia. (Id. at 2 ¶ 6.) AGD has not made any payments due under the Master Lease and lease schedules—including the monthly

---

[3] Chris Emery's declaration, the Master Lease, lease schedules, Personal Guaranty, and the UCC Financing Statement are all docketed at ECF No. 15-1. In citing to these documents, the court will reference the page numbers corresponding to the PDF of ECF No. 15-1.

basic rent payments—from February 9, 2022, through the present.  (Id. at 3 ¶ 11.)  And Mr. Dillard, in violation of his obligations under the Personal Guaranty, has not made any payments to AVT to cure AGD's default.  (Id. at 4 ¶ 17; Personal Guaranty at 27 ¶ 1(a).)

Based on the amount of payments AGD made before February 9, 2022, toward Schedule 1 and Schedule 3, the total Stipulated Loss Value is $842,185.  (Emery Decl. at 3 ¶ 15; Schedule 1 at 17; Schedule 3 at 25.)  Subtracting $500,000 that AVT recovered from the AGD bankruptcy proceeding, AVT seeks damages from Mr. Dillard for breaching the Personal Guaranty in the amount of $342,185.00, plus prejudgment and post-judgment interest at the rate of 18% annum, and an amount of attorney's fees, costs, and expenses to be established by affidavit.  (ECF No. 15 at 9–10.)

AVT filed a UCC-1 "all asset" lien against Mr. Dillard in the State of Virginia on July 14, 2022.  (Emery Decl. at 4 ¶ 18; UCC Financing Statement at 32.)  On its forfeiture claim, AVT seeks a declaratory judgment from the court holding that AVT is entitled to foreclose on its UCC lien and require Mr. Dillard to turn over all property subject to the lien to AVT.

## LEGAL STANDARD

A court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the movant shows there is an "absence of a genuine issue of material fact[,]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## ANALYSIS

I.   **AVT's Breach of Contract Claim Against Mr. Dillard.**

AVT alleges that Mr. Dillard breached the Personal Guaranty by not making payments to AVT upon AGD's default. The Master Lease required AGD to "timely pay … [b]asic [r]ent … and all other amounts due or to become due …." (Master Lease at 6 ¶ 3.) AGD has not made any payments due under the Master Lease since it entered bankruptcy proceedings on February 9, 2022. (Emery Decl. at 2 ¶ 6, 3 ¶ 11.) Mr. Dillard as guarantor of AGD's obligations to AVT under the Master Lease agreement has not made any payments to AVT. (Personal Guaranty at 27 ¶ 1(a) ("Guarantor hereby absolutely, unconditionally and irrevocably guarantees the full, complete and prompt payment, performance and observance of all payment and other obligations of [AGD] under each Lease, including … [b]asic [r]ent[.]").)

To prevail on a breach of contract claim under Utah law,[4] a party must establish four elements: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." Bair v. Axiom Design LLC, 20 P.3d 388, 392 (Utah 2001), abrogated on other grounds by A.S. v. R.S., 416 P.3d 465, 472 (Utah 2017). "When the existence of a contract and the identity of its parties are not in issue and when the contract provisions are clear and complete, the meaning of the contract can appropriately be resolved by the court on summary judgment." iDrive Logistics LLC v. IntegraCore LLC, 424 P.3d 970, 980 (Utah Ct. App. 2018) (citation omitted).

These four elements are not disputed. AVT had valid contracts with AGD (the Master Lease) and Mr. Dillard (the Personal Guaranty). AVT performed its contract obligations under

---

[4] Both the Master Lease and Personal Guaranty state that they are to be governed by Utah law. (Master Lease at 10 ¶ 23; Personal Guaranty at 29 ¶ 15.)

4

the Master Lease by leasing equipment to AGD.  (Schedule 1 at 16; Schedule 3 at 24.)  And AVT's obligation under the Personal Guaranty was to fulfill its obligations under the Master Lease and lease schedules.  (See Personal Guaranty at 27 ¶¶ A–B ("[AVT] and [AGD] have entered or intend to enter into Master Lease Agreement … for the purpose of leasing personal property or other assets … As a material inducement to [AVT] to enter into the Master Lease and each Schedule, [Mr. Dillard] has agreed ….").)

AGD breached the Master Lease when it declared bankruptcy and stopped paying AVT monthly basic rent payments for the leased equipment.  This constituted a default and triggered Mr. Dillard's obligations to pay AVT under the Personal Guaranty.  (Master Lease at 6 ¶ 3 ("[AGD] shall timely pay … [b]asic [r]ent …."); id. at 8 ¶ 19 ("Each of the following is a material '[e]vent of [d]efault': (a) [AGD] fails to make any payment due hereunder, including … [b]asic [r]ent[.]"); Schedule 1 at 14 ¶ 5 ("Basic [r]ent $9,491.59, due and payable monthly …."); Schedule 3 at 22 ¶ 5 ("Basic [r]ent $6,400.22, due and payable monthly …."); Personal Guaranty at 27 ¶ 1(a) ("Guarantor hereby absolutely, unconditionally and irrevocably guarantees the full, complete and prompt payment, performance and observance of all payment and other obligations of [AGD] under each [l]ease, including … [b]asic [r]ent ….").)  By not paying AVT upon AGD's default, Mr. Dillard breached the Personal Guaranty.

The court also finds it is undisputed that AVT is owed $342,185 in damages and that AVT can obtain prejudgment and post-judgment interest at a rate of 18% per annum.  As explained above, these damages represent the total of the two Stipulated Loss Values expressed in Schedule 1 and Schedule 3, less $500,000 that AVT recovered in AGD's bankruptcy proceedings.

Utah law provides that "[u]nless the parties to a lawful … contract expressly specify a different rate of interest, the legal rate of interest for the contract … or a claim for breach of

contract is 10% per annum." Utah Code Ann. § 15-1-1 (2019).  Here, the parties signed the Master Lease, which specified that "upon a [d]efault, all amounts payable by [AGD] … including … [b]asic [r]ent … shall accrue interest, both before and after judgment, <u>at the lesser of</u> eighteen percent (18%) per annum or the highest rate permitted by law … from the date of [d]efault until paid in full." (Master Lease at 10–11 ¶ 29 (emphasis added).)  In this instance, the highest rate Utah law permits is whatever interest rate contracting parties expressly specify. Recovering prejudgment and post-judgment interest at this rate from Mr. Dillard is therefore appropriate.  (Personal Guaranty at 27 ¶ 2 ("If an [e]vent of [d]efault (as defined in the Master Lease) shall occur under any [l]ease, [AVT] may pursue its remedies against [AGD] and/or proceed directly against Guarantor for the payment, performance or observance of … [AGD's] obligations under the Lease."); Master Lease at 9 ¶ 20.)

The four breach of contract elements are not disputed, nor has Mr. Dillard presented evidence creating genuine issues of fact on any element.  Accordingly, AVT is entitled to summary judgment on its breach of contract claim.

## II.     AVT's Claim for Foreclosure Against Mr. Dillard.

AVT additionally moves for summary judgment on its foreclosure claim.  The Personal Guaranty grants AVT a security interest in Mr. Dillard's assets in the event of an AGD default under the Master Lease.  (Personal Guaranty at 27 ¶ 2 ("Upon … [d]efault [of the Master Lease] … [Mr. Dillard] … grants a security interest in and authorizes [AVT] to file any financing statements … in the appropriate filing office that indicate as collateral to secure [Mr. Dillard]'s obligations hereunder all assets of [Mr. Dillard] … [AVT] may then enforce any rights available to … secured part[ies] under the Uniform Commercial Code ('<u>UCC</u>').")

AVT argues it has perfected its security interest against Mr. Dillard. "According to Utah law, 'while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection' for purposes of security interests." AVT N.J., LP v. Cubitac Corp. et al., No. 2:19-cv-00662, 2021 WL 4307030, at *3 (D. Utah Sept. 22, 2021) (citing Utah Code Ann. § 70A-9a-301(1) (2006)). Mr. Dillard resides in and is a citizen of Virginia. (Compl., ECF No. 2 at ¶ 2.) Virginia has adopted the UCC's article 9 provision on perfection of security interests that states "a financing statement must be filed to perfect all security interests[,]" unless a security interest is perfected by another method Virginia permits. Va. Code Ann. § 8.9A-310 (2004). "[A] financing statement is sufficient only if it: (1) provides the name of the debtor; (2) provides the name of the secured party or a representative of the secured party; and (3) indicates the collateral covered by the financing statement." Va. Code Ann. § 8.9A-502 (2013). "An indication that the financing statement covers all assets" of the debtor is a sufficient indication of collateral. Va. Code Ann. § 8.9A-504 (2001).

The financing statement AVT submitted meets all three requirements. The financing statements lists Mr. Dillard as the debtor and provides the name of a representative of AVT. (Financing Statement at 32.) AVT also listed all of Mr. Dillard's assets as the collateral that the financing statement covers. (Id.) The court therefore agrees that AVT is entitled to foreclose its security interest in Mr. Dillard's assets.

## CONCLUSION AND ORDER

AVT is entitled to summary judgment on its breach of contract and foreclosure claims against Mr. Dillard. Accordingly, the court GRANTS AVT's motion for partial summary judgment (ECF No. 15). Within 10 days of this order, AVT is ORDERED to file a notice of voluntary dismissal of its claim for breach of the implied duty of good faith and fair dealing, an

affidavit establishing an amount of attorney's fees, costs, and expenses, and a proposed judgment.

DATED this 19th day of October, 2023

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge